## Swearingen, Appellant, *v.* Barnsdall.

*Equity—Jurisdiction—Tenants in common—Remedy at law.*

A court of equity has no jurisdiction of a bill for an account of profits brought by one out of possession who claims to be a joint owner against an alleged cotenant until the question of title is first determined in an action at law.

*Conflict of laws—Leasehold—Question of title.*

Where a leasehold is wholly in another state, all questions as to the title and possession of the land leased must be decided according to the laws of that state.

Argued Oct. 28, 1904. Appeal, No. 84, Oct. T., 1904, by plaintiff from decree of C. P. No. 1, Allegheny Co., June T., 1903, No. 56, dismissing bill in equity, in case of T. Brent Swearingen, Assignee of Cochran Fleming v. Theodore N. Barnsdall. Before MITCHELL, C. J., DEAN, FELL, BROWN, POTTER and THOMPSON, JJ. Affirmed.

Bill in equity for discovery and for an accounting of profits from the operation of oil and gas wells.   Before BROWN, J.

From the record it appeared that the court summarized the pleadings as follows :

Upon March 6, 1903, T. Brent Swearingen, assignee of Cochran Fleming, filed a bill in equity against Theodore N. Barnsdall, alleging (*a*) ownership by plaintiff of half interest in the oil and gas rights in 375 acres in Wirt county, West Virginia; (*b*) his rights to an accounting and payment of one half of the profits of oil and gas by the drilling operations of the defendant; (*c*) defendant's refusal to account; and praying relief, decreeing ownership, right to an accounting and payment.   Defendant's answer, briefly stated, denies plaintiff's interest in the property, his right to an accounting and payment and in bar of the action avers (*a*) that defendant is an innocent —and adverse—holder of the property without actual or constructive notice of plaintiff's title; (*b*) that plaintiff's right is barred by the statute of limitation, and (*c*) that his remedy to settle the disputed question of title is not in equity, but at law by an action of ejectment.

The court found as a fact that the bill was filed by the plaintiff claiming to be the joint owner of the leasehold, but who was out of possession and had not established his title at law.

The court also found as a fact that the leasehold covered land situated in West Virginia.

The court's conclusions of law were, inter alia, as follows :

Frisbee's appeal 88 Pa. 144, rules that a court of equity has no jurisdiction of a bill for an account of profits brought by one out of possession who claims to be a joint owner, against an alleged cotenant, until the question of title is first determined in an action at law.

The leasehold being wholly in West Virginia, all questions of title must be decided according to the laws of that State.

The court dismissed the bill.

*Error assigned* was the decree of the court.

*W. H. S. Thomson,* with him *Thomas M. Henry* and *Frank Thomson,* for appellant.

Eugene Mackey, with him T. A. Brown, Cornelius D. Scully and James W. Lee, for appellee.

PER CURIAM, November 4, 1904:

The learned judge below found first that this was a bill for an account by one claiming to be a joint owner, but who was out of possession and had not established his title at law, referring to Frisbee's Appeal, 88 Pa. 144; and secondly that the only question in the case was the title and possession of land in West Virginia. Either ground would require the dismissal of the bill.

Decree affirmed.