Smith et al., Appellants, *v.* Kingsley et al.

Argued December 1, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*William A. Skinner,* with him *George W. Ellis,* for appellants.

*M. J. Martin,* with him *Vandling D. Rose, Joseph F. Gunster* and *Paul G. Collins,* for appellees.

OPINION BY MR. JUSTICE DREW, January 15, 1934:

This suit in equity was brought by heirs of Susan London Dolph against defendants to compel a discovery and account of coal mined from certain lands in Lackawanna County. The lands were acquired by Edward London from the Commonwealth in 1804 by warrant and survey. He died intestate in 1815, survived by four children, among whom were Susan, plaintiffs' ancestor, and a son Isaac.

In 1828 Isaac London executed to Thomas Meredith an instrument in the form of a lease of the land for one hundred years, "it being however clearly understood that the possession which said Thomas acquires under this lease shall extend only to the use of the land leased as aforesaid as a coal field." In 1838 Isaac executed to Meredith a second instrument modifying the first in certain particulars, and a third instrument, in form a deed of the land to Meredith, his heirs and assigns, "for the intents and purposes and for the term mentioned" in the lease of 1828. These writings were construed, in Kingsley v. Hillside Coal & Iron Co., 144 Pa. 613, to amount to "a sale of the coal to be mined within the term stated therein." Meredith took possession, and by himself and his assignees mined the coal in large quantities until 1928, when the hundred-year term expired. The defendants then took possession and began mining and removing coal, claiming under a deed of the land executed in 1840 by Isaac London to Burr Kenyon, under which Kenyon and defendants, his successors in interest, have held possession of the surface ever since its execution. This deed covered not only the surface but the "mines, minerals,

reversions and remainders," with the exception of the interest of Meredith in the coal.

The bill alleged that Isaac London was a tenant in common with his sister, Susan Dolph, plaintiffs' ancestor. The answer, on the other hand, averred that Isaac London was the sole owner of the lands, having had exclusive and adverse possession of the same from a date some years prior to the death of his father in 1815.

· After hearing the evidence on both sides as to the title to the coal, the learned chancellor entered a decree nisi dismissing the bill, holding that the rights of Susan Dolph were ousted as a result of the lease of 1828 and the deed of 1840 and that her heirs were barred by the statute of limitations. Exceptions to this decree were filed and argued before the court in banc, which entered a final decree dismissing the exceptions. From this decree plaintiffs appealed.

We think the court below was right in dismissing the bill. It is clear that defendants have been in exclusive possession of the coal since 1928, claiming under the deed of 1840, and that there is a real and substantial dispute as to the ownership of the coal. Under these circumstances, a bill for an account will not lie until plaintiffs have first established their title at law: Frisbee's App., 88 Pa. 144; Swearingen v. Barnsdall, 210 Pa. 84; see North Pa. Coal Co. v. Snowden, 42 Pa. 488. We therefore affirm the action of the court below in dismissing the bill, although the dismissal should have been upon the ground that a bill for an account cannot be maintained by one who claims to be a tenant in common but who is out of possession and has not established his title at law (which ground was raised by defendants in their answer, motion to dismiss, and requests for conclusions of law), and not upon the ground taken.

Decree affirmed without prejudice at the cost of appellants.